PASCAL & ASSOCIATES, INCORPORATED, Plaintiff-Appellant, *v.* PUNCHINELLO'S EAST, INCORPORATED, Defendant—(247 EAST ONTARIO BUILDING CORPORATION, Defendant-Appellee.)

(No. 56247;

First District—December 21, 1972.

Fohrman, Lurie, Holstein, Sklar & Cottle, Ltd., of Chicago, (Paul M. Lurie and Fred R. Kimmel, of counsel,) for appellant.

Rabens, Formusa & Glassman, of Chicago, (George C. Rabens, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The primary issue on appeal is whether a contractor, in an action to enforce a mechanic's lien against a property owner, establishes the *prima facie* evidence of the amount due under the lien statute by introduction into evidence of the contract price for the work agreed to with a third-party lessee.

The action, to foreclose a mechanic's lien for improvements to a building, was brought by the plaintiff, Pascal and Associates, Inc., the general contractor, against Punchinello's East, Inc., the building lessee, with whom plaintiff had contracted to make the improvements, and against defendant, 247 East Ontario Building Corporation, the owner of the building. At the close of plaintiff's case, the trial judge entered judgment for $8000 in favor of plaintiff against the lessee, then in default and not involved in this appeal. At the same time, the trial court entered judgment for defendant, holding that plaintiff's failure to prove the value of improvements beyond its introduction of the contract price with the lessee could not support a judgment against the defendant building owner.

The essential facts may be summarized briefly. Plaintiff entered into a contract with the lessee of a building located at 247 East Ontario Street in Chicago to build a banquet facility on the premises. Defendant was, and is, the owner of that building. Through its president and sole stockholder, defendant had knowledge of, authorized, and at times personally supervised, plaintiff's work on the facility. Plumbing, heating, air-conditioning and electrical work was done. The contract price agreed to by plaintiff and the lessee was $12,000. Four months after the work was completed, with only $4000 having been paid, plaintiff filed its lien for $8000, the unpaid amount. Plaintiff at trial offered no proof of the dollar value of the work done on the building beyond a showing of the contract price.

The trial judge granted defendant's motion for judgment at the close of plaintiff's case, stating that, "* * * you have not proven the fair and reasonable value * * * You are suing them under the Mechanics Statutes, and you have failed utterly to show a fair and reasonable value of the improvement to the title holder's property."

The relevant portion of the statute, Ill. Rev. Stat. 1969, ch. 82, par. 1, provides as follows:

"Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land, furnish material, fixtures, apparatus or machinery, * * * for the purpose of or in the building, altering, repairing or ornamenting any house or other building, * * * in, for or on a lot or tract of land for any such purpose; * * * or furnish or perform labor or services as superintendent, time keeper, mechanic, laborer or otherwise, in the building, altering, repairing or ornamenting of the same; or furnish material, fixtures, apparatus, machinery, labor or services, * * * building, altering, repairing or ornamenting the same, is known under this Act as a contractor, and has a lien upon the whole or such lot or tract of a land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business; * * * for the amount due to him for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due. This lien extends to an estate in fee, for life, for years or any other estate or; any right of redemption, or other interest which the owner may have in the lot or tract of land at the time of making such contract or may subsequently acquire * * * This lien attaches as of the date of the contract."

On appeal plaintiff contends that the crucial statutory language, "the amount due him," refers to the contract price and that, therefore, the price set under the instant contract is binding upon the owner who authorized the making of the improvements. In the alternative, plaintiff maintains that, even if it must show fair value to recover, its proof of the contract price agreed upon after arms length negotiations with the lessee was *prima facie* evidence of such fair value.

■■ Without deciding whether plaintiff must establish fair value to recover, we accept plaintiff's alternative argument that plaintiff met its burden of establishing proof of the *prima facie* value of the work done by introducing into evidence the price of the contract entered into with the third-party lessee through arms length negotiation. The holding in *McKeown Bros. Co. v. Ogden Kennel Club*, 269 Ill.App. 622, supports that view, and is dispositive of the issue on appeal.

■■ In that case, plaintiff contractors entered into a contract with a lessee's agent for improvements to certain real estate. Plaintiffs subse-

quently brought a lien foreclosure suit against the owner of the property. The applicable statute was similar to the present statute, but provided that the lien should be "for the value of the labor and materials furnished." In that case, plaintiff, as here, offered no evidence of the value of the work done other than proof of the price of the contract agreed between plaintiff and the lessor's agent, and the defendant contended that plaintiffs had failed to prove value. In holding for plaintiffs, this court stated at p. 634:

> "* * * The evidence is to the effect that the prices to be paid to these parties by O'Brien [the lessee's agent] were agreed upon. What one pays for something at a fair sale, there being no suspicious circumstances, is prima facie evidence of its value. * * * Defendant offered no evidence that the prices agreed upon were unreasonable, and the contention of defendant is without merit."

It is so well settled as not to require citation of authority that, in determining whether or not judgment should be entered for defendant at the close of plaintiff's case, the trial court must view the evidence in a light most favorable to the plaintiff. In the case at bar, the court erred in holding that plaintiff had offered no evidence as to value.

■■ Defendant, however, maintains that the trial court erred in denying its motion to dismiss the cause of action, and thus urges that the judgment be affirmed. Defendant's motion to dismiss was based on the execution and delivery of a final waiver of lien by plaintiff to defendant. Since judgment was entered in favor of defendant at the conclusion of plaintiff's case, the written waiver of lien was not introduced into evidence, and plaintiff was not afforded an opportunity to contest the validity or applicability of the waiver in question.

For the reasons stated, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.